**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-1750                                                    Caption [use short title]

Motion for: Stay Pending Appeal and Summary Vacatur

Doe v. Mullin

Set forth below precise, complete statement of relief sought:

The government requests an immediate stay and

ultimately summary vacatur of the district court's

May 1, 2026, order granting preliminary relief under

5 U.S.C. § 705 by postponing the effective date of a

determination by the Secretary of Homeland Security.

MOVING PARTY: Defendants/Appellants             OPPOSING PARTY: Plaintiffs/Appellees

☐ Plaintiff          ☑ Defendant

☑ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Mark Osmond          OPPOSING ATTORNEY: Razeen Zaman

[name of attorney, with firm, address, phone number and e-mail]

U.S. Attorney's Office, SDNY                         Asian American Legal Defense and Education Fund

86 Chambers Street, 3rd Floor, New York, NY 10007     99 Hudson Street, 12th Floor, New York, NY 10013

212-637-2713; mark.osmond@usdoj.gov                 212-966-3392; rzaman@aaldef.org

Court- Judge/ Agency appealed from: Southern District of New York / Dale E. Ho

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?  ☑ Yes  ☐ No
Has this relief been previously sought in this court?  ☐ Yes  ☑ No

Requested return date and explanation of emergency: We request a ruling by July 23, 2026. The order at issue, which is contravened by Supreme Court precedent, indefinitely postponed a lawful, unreviewable determination by the Secretary of Homeland Security that Yemen's Temporary Protected Status designation should be terminated based on considerations of foreign policy, national security, and the national interest.

Is the oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  ☐ Yes  ☑ No  If yes, enter date:

**Signature of Moving Attorney:**

MARK OSMOND  Digitally signed by MARK OSMOND Date: 2026.07.16 17:56:42 -04'00'  **Date:** 7/16/2026          Service : ☑ Electronic  ☐ Other [Attach proof of service]

**Form T-1080 (**rev. 10-23)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| Noor Doe, et al.,<br><br>　　　　　　Plaintiffs-Appellees,<br><br>　　　v.<br><br>Markwayne Mullin, et al.,<br><br>　　　　　　Defendants-Appellants. | Docket No. 26-1748 |
| Abdo Doe, et al.,<br><br>　　　　　　Plaintiffs-Appellees,<br><br>　　　v.<br><br>Markwayne Mullin, et al.,<br><br>　　　　　　Defendants-Appellants. | Docket No. 26-1750 |

**Defendants-Appellants' Emergency Motion for a Stay Pending Appeal, for an Immediate Stay During the Consideration of This Motion, and for Summary Vacatur**

## Introduction

Congress created Temporary Protected Status ("TPS") to provide temporary protection to noncitizens who cannot safely return to their country for specified reasons. 8 U.S.C. § 1254a(b). The TPS statute provides that there is "no judicial review of any determination . . . with respect to the . . . termination" of a foreign state's TPS designation.

8 U.S.C. § 1254a(b)(5)(A). In March 2026, the then-serving Secretary of Homeland Security terminated Yemen's TPS designation. The merits of this appeal turn on a single question: whether the district court's order postponing that termination under 5 U.S.C. § 705 can survive the Supreme Court's decision in *Mullin v. Doe*, No. 25-1083, 2026 WL 1825840 (U.S. June 25, 2026). It cannot.

The district court's § 705 order rests on its conclusion that the Secretary likely violated the Administrative Procedure Act ("APA") by failing to consult adequately with appropriate agencies about country conditions before terminating Yemen's designation. That reasoning is foreclosed by *Mullin v. Doe*, which held that the TPS statute's judicial-review bar forecloses "all non-constitutional claims." 2026 WL 1825840, at *10. Indeed, the Supreme Court specifically rejected the argument that courts can review the Secretary's decision "whether to consult other agencies" before terminating a country's TPS designation. *Id*. The district court's § 705 order thus rests on a foundation that cannot hold.

Recognizing as much, the government promptly asked the district court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1 that it would vacate the § 705 order on remand and to stay its § 705

order pending appeal. But the district court declined to act. In an order entered July 14, 2026, it deferred ruling on the government's motion until the Supreme Court's "mandate" issues in *Mullin v. Doe*—on the mistaken premise that the decision "does not yet have legal effect" and will not until a mandate issues. Dist. Ct. ECF No. 58 (26 Civ. 2103) ("Deferral Order") at 2. That was error. A decision of the Supreme Court binds every lower court from the moment it is announced, not weeks later when a mandate or certified judgment follows. The district court's contrary conclusion cannot be reconciled with settled law, and its refusal to afford relief has left in place an order that was mistaken from the start and that has now contravened Supreme Court precedent for weeks after the Supreme Court ruled.

Each day that order remains in place inflicts irreparable injury on the government and the public by barring the Executive Branch from carrying out a lawful, unreviewable determination committed to the Secretary by Congress. The Supreme Court has twice stayed district court orders involving other TPS terminations. This Court should do the same. The government respectfully requests a stay of the § 705 order pending appeal as well as an immediate administrative stay while this

motion is under consideration; summary vacatur; and a ruling by July 23, 2026.

## Statement

### A. Statutory Background

The TPS statute permits the Secretary to designate a foreign state for TPS when specified conditions—armed conflict, environmental disaster, or "extraordinary and temporary conditions"—prevent the safe return of that country's nationals or render the country temporarily unable to adequately handle their return. 8 U.S.C. § 1254a(b)(1).[1] In the case of the third category (extraordinary and temporary conditions), a TPS designation is permitted only if the Secretary finds that permitting the foreign nationals to remain is not "contrary to the national interest of the United States." 8 U.S.C. § 1254a(b)(1)(C). TPS is, by design, "'temporary.'" *Mullin v. Doe*, 2026 WL 1825840, at *4. The Secretary must, after "consultation with appropriate agencies," periodically review each designation, and the Secretary "shall terminate the designation" if

---

[1] The TPS statute refers to the Attorney General, as the Department of Homeland Security did not exist when Congress created the TPS program in 1990. As *Mullin v. Doe* recognized, "[r]esponsibility for TPS decisions [now] rests with the Secretary of Homeland Security." *Mullin v. Doe*, 2026 WL 1825840, at *4 (citing 6 U.S.C. §§ 552(d), 557).

he or she concludes that the country "no longer continues to meet the conditions for designation." 8 U.S.C. § 1254a(b)(3)(A), (B).

Congress placed the Secretary's TPS determinations beyond judicial review: "There is no judicial review of any determination of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state" for TPS. *Id.* § 1254a(b)(5)(A).

## B.  Yemen's TPS Designation and Termination

Yemen was designated for TPS in 2015, and the designation was repeatedly extended. *Termination of the Designation of Yemen for Temporary Protected Status*, 91 Fed. Reg. 10,402, 10,402–03 (Mar. 3, 2026) (listing extensions). On March 3, 2026, the Secretary published a notice in the Federal Register terminating Yemen's designation effective May 4, 2026, after finding that its continued TPS designation was contrary to the national interest and that there was no ongoing armed conflict that posed a serious threat to the personal safety of Yemeni nationals. *Id.* at 10,403–07.

## C.  The § 705 Order

On May 1, 2026, the district court granted plaintiffs' motion to postpone the termination of Yemen's TPS designation under 5 U.S.C. § 705, finding them likely to succeed on the merits and that the equitable

factors weighed in their favor. Dist. Ct. ECF No. 39 (26 Civ. 2103) ("Order" or "§ 705 order"); *see Immigrant Defenders Law Center v. Noem*, 145 F.4th 972, 983 (9th Cir. 2025) (noting that § 705 motions "turn on the same factors as preliminary injunctions").

The district court rested its merits determination on a single conclusion: that the Secretary likely violated the APA by failing to consult adequately with appropriate agencies about country conditions before terminating Yemen's TPS designation. Order at 23–31. To reach that conclusion, the court first held that the statutory bar on judicial review described above reached only the Secretary's "substantive determination regarding the continuing propriety of Yemen's TPS status," not compliance with the statute's "procedural requirements," including the consultation requirement. Order at 19–20. The district court expressly declined to reach plaintiffs' equal-protection claim. Order at 31 n.14.

## D. *Mullin v. Doe*

On June 25, 2026, the Supreme Court decided *Mullin v. Doe*, holding that "the TPS statute's judicial-review bar applies to all non-constitutional claims." 2026 WL 1825840, at *10. Further, the Supreme

Court expressly rejected the precise reasoning underlying the district court's § 705 order. Again, the TPS statute provides that there is "no judicial review of any *determination* of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state" for TPS. 8 U.S.C. § 1254a(b)(5)(A) (emphasis added). *Mullin v. Doe* held that the term "determination" in this provision is not confined to substantive matters but "may concern procedural or substantive questions" alike and that judicial review of the decision "whether to consult other agencies" is barred. 2026 WL 1825840, at *8, *10.

### E.   Post-*Mullin v. Doe* Proceedings

The government appealed the § 705 order on June 28, 2026. Because the pending appeal divested the district court of authority to vacate its order outright, *see Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), the government moved the district court on June 30, 2026, for an indicative ruling under Civil Rule 62.1 that the court would vacate the § 705 order on remand and for a stay of the § 705 order pending appeal. Dist. Ct. ECF Nos. 45, 46 (26 Civ. 2103).

On July 14, 2026, the district court deferred ruling on the government's motion. *See* Deferral Order at 3. It reasoned that *Mullin v.*

7

*Doe* "does not yet have legal effect" and will not until the Supreme Court's mandate issues—on "July 27, 2026 at the earliest"—and it saw "no reason . . . to rule on the Government's stay motion at this time." *Id.* at 2.

## ARGUMENT

The Court should expeditiously grant a stay pending appeal. A stay motion turns on the movant's likely success on the merits; irreparable harm to the movant absent a stay; the balance of equities; and the public interest. *In re World Trade Center*, 503 F.3d 167, 170 (2d Cir. 2007). Every factor favors a stay here. Moreover, because the district court's order is plainly foreclosed by Supreme Court precedent, it should be summarily vacated.

**A. The Government Is Certain to Succeed on the Merits Because *Mullin v. Doe* Forecloses the Sole Ground on Which the § 705 Order Rests**

Because *Mullin v. Doe* has foreclosed the reasoning underlying the § 705 order, the government is certain to prevail on the merits.

The district court postponed the termination of Yemen's designation because it concluded that plaintiffs were likely to succeed on their APA claim alleging that the Secretary failed to consult adequately with appropriate agencies. Order at 23–31. That APA claim is a non-

8

constitutional claim—and *Mullin v. Doe* squarely held that the TPS statute's judicial-review bar "applies to all non-constitutional claims." 2026 WL 1825840, at \*10. The Supreme Court also expressly rejected the notion that the Secretary's decision "whether to consult other agencies" is reviewable. *Id.*

Because the Supreme Court "specifically rejected the district court's precise reasoning," the order "cannot possibly survive." *National TPS Alliance* ("*NTPSA*") *v. Mullin*, No. 26-199, Dkt. No. 44 (9th Cir. July 14, 2026) (relying on *Mullin v. Doe* to summarily vacate a judgment in case challenging TPS terminations for Nepal, Honduras, and Nicaragua). For that same reason, summary vacatur is appropriate.

## B.  Equitable Factors Decidedly Favor a Stay

Because the government's likelihood of success is established, the equitable factors carry diminished weight. *Cf. Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 49 (2d Cir. 2020) ("With likelihood of success totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay."); *Katz v. Georgetown Univ.*, 246 F.3d 685, 688 (D.C. Cir. 2001) ("'[l]ikelihood of success is the main bearing wall of the four-factor

framework'" (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996))). In any event, these factors also favor a stay.

Each day the § 705 order remains in force irreparably injures the government and the public by barring the Executive Branch from carrying out a lawful determination undertaken pursuant to the TPS statute. *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) ("'[A]ny time [the government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury.'" (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012))). That injury is pronounced here, where the Secretary determined that continued designation of Yemen "is contrary to the national interest" based on considerations of foreign policy and national security. 91 Fed. Reg. at 10,404–08. The § 705 order overrides that judgment—an authority Congress committed to the Secretary's unreviewable discretion, *see Mullin v. Doe*, 2026 WL 1825840, at *10—and compels the United States to permit thousands of foreign nationals to remain in the country with work authorization.

The Supreme Court has twice concluded that the government suffers irreparable harm from erroneous stays of TPS terminations.

10

*Noem v. NTPSA*, 145 S. Ct. 2728, 2728–29 (2025); *Noem v. NTPSA*, 146 S. Ct. 23, 24 (2025). Those interim rulings "control[]" and "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).

Whatever harm plaintiffs assert cannot justify leaving in place an order that conflicts with binding Supreme Court precedent. *See Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) ("Whether presumed or not, any irreparable harm plaintiffs might suffer in this case does not warrant a preliminary injunction in the absence of a showing of (at least) a likelihood of success."). In any event, TPS is, by statutory design, "'temporary.'" *Mullin v. Doe*, 2026 WL 1825840, at *4. Plaintiffs had no entitlement to retain work authorization or protection from removal after the lawful termination of Yemen's designation. Their asserted harms therefore flow from the statutory scheme itself, not from any legally cognizable injury this Court can redress by perpetuating the district court's error—and plaintiffs remain free to pursue any other immigration relief for which they may be eligible, which could include protection from removal and work authorization.

11

The district court's contrary conclusion that the equities favored plaintiffs rested on the court's preliminary—and, after *Mullin v. Doe*, incorrect—assessment that the Secretary had likely acted "'unlawfully.'" Order at 34. *Mullin v. Doe* has swept that premise away. Once the Secretary's determination is recognized as lawful, the government's injury is not a "generalized grievance," *id.* at 35, but the concrete harm that it and the public suffer whenever the Executive is enjoined from carrying out a valid exercise of statutory authority. *See CASA*, 606 U.S. at 859; *INS v. Legalization Assistance Project of L.A. County Fed'n of Labor*, 510 U.S. 1301, 1305–06 (1993) (balance of equities tips in the government's favor where an order is "an improper intrusion by a federal court into the workings of a coordinate branch of the Government").

## C. The District Court's Reason for Deferring Relief Does Not Withstand Scrutiny

The district court declined to issue an indicative ruling in the government's favor on the rationale that *Mullin v. Doe* "does not yet have legal effect" and will not until the Supreme Court's "mandate" issues on or about July 27, 2026.[2] Deferral Order at 2–3. That premise is wrong,

---

[2] In cases originating from lower federal courts, the Supreme Court clerk

and it cannot justify keeping in place an order that contradicts binding Supreme Court precedent.

A decision of a higher court binds lower courts from the moment it issues—not starting weeks later when the judgment or mandate follows. *Cox v. Dep't of Justice*, 111 F.4th 198, 209 (2d Cir. 2024) ("Let us be clear: A published opinion . . . becomes binding precedent when it is decided. The fact that a mandate has not yet issued means only that jurisdiction over the case has not yet shifted back to the district court; it does not undermine the immediate precedential weight of our decision. We join our sister circuits in articulating this rule."); *Robicheaux v. Caldwell*, 791 F.3d 616, 618 (5th Cir. 2015) (declaring on July 1 that the Supreme Court's June 26 decision in "*Obergefell* . . . is the law of the land and, consequently, the law of this circuit" even though the Supreme Court's judgment did not issue until July 28).[3]

Indeed, just today, the Seventh Circuit summarily reversed a district court's § 705 postponement order because it was abrogated by

---

generally issues a certified judgment, not a mandate. Sup. Ct. R. 45.2–3.

[3] *See* https://www.supremecourt.gov/docket/docketfiles/html/public/14-556.html (noting that "judgment issued" on July 28, 2015).

*Mullin v. Doe. See Doe v. Mullin*, No. 26-1294, Dkt. No. 34 (7th Cir. July 16, 2026). And, earlier this week, the Ninth Circuit, invoking *Mullin v. Doe*, vacated a district court's judgment in a case involving the termination of TPS designations for Nepal, Honduras, and Nicaragua. *NTPSA v. Mullin*, No. 26-199, Dkt. No. 44 (9th Cir. July 14, 2026). These circuits have made clear that *Mullin v. Doe* already has precedential force, and this Court should follow the same course here.

## CONCLUSION

The Court should vacate the district court's order postponing the effective date of the termination of Yemen's TPS designation, or alternatively stay that order; in either event, the Court should immediately enter an administrative stay while considering this motion.

Dated: New York, New York
July 16, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants-Appellants.*

By: /s/ *Mark Osmond*
MARK OSMOND
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2713
Email: mark.osmond@usdoj.gov

## Certificate of Compliance

Pursuant to Federal Rule of Appellate Procedure 32(g), the above-named counsel hereby certifies that this memorandum complies with the type-volume limitation of the Federal Rules of Appellate Procedure. As measured by the word processing system used to prepare it, this memorandum contains 2578 words.

15